IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE LIERA, SR., HAMILL LIERA, JESUS RODRGEUZ-RAMIREZ, CARMEN LIERA, and CARMEN LIERA-CHAVEZ, | ) ) ) ) | |
| Plaintiffs | ) ) | No. 13 C 9032 |
| v. | ) ) | Judge Robert W. Gettleman |
| CITY OF CHICAGO, Chicago Police Officers JOSEPH PULIA (Star #6311); WILLIAM ORSA (Star #17885); A. LOPEZ, JR. (Star #12139); D. CAREY (Star #12190); K.E. MILES, JR. (Star #16402; M.A. VERA (Star #8420); MARGARET FLISK (Star #2682); LAYNE (Star #8240); WIECHERT (Star #3047); RUEL (Star #13860); VASQUEZ (Star #16531); KILLMER (Star #5095); MALLOY (Star #17010); ALGHINI (Star #3324); BARNES (Star #5631); PACETTI (Star # 10051); HACKETT (Star # 2924); DOSKOCZ (Star #6573); ROMAN (Star #12309); SPINO (Star #9873); KELNOSKY (Star #10972); NAIM (Star #5088); LINDSTROM (Star #10592); MCCANN (Star #7823); ADRUSHKO (Star #16678); PRZYBLOWSKI (Star 3881); FITZGERALD (Star #9878); GASKIN (Star #7474); SALAZAR (Star #7007); NUNEZ (Star #5259); MARIETTA (Star # 2064); O'DONNELL (Star #1927); MELENDEZ (Star #11398); LUZADDER (Star #18829); KAMRADT (Star #13684); MARTINEZ (Star # 5723); WEBER (Star # 13854); and CORRAL (Star #10551), | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Jose Liera, Sr., Hamill Liera, Jesus Rodrgeuz-Ramirez, Carmen Liera, and Carmen Liera-Chavez have brought an eleven-count complaint alleging civil rights claims in violation of 42 U.S.C. § 1983 and pendant state law claims against Chicago Police Officers A. Lopez, Jr., D. Carey, K. E. Miles, Jr., M. A. Vera, Layne, Wiechert, Ruel, Vasquez, Killmer,

Malloy, Alghini, Barnes, Pacetti, Hackett, Doskocz, Roman, Spino, Kelnosky, Naim, Lindstrom, McCann, Adrushko, Przyblowski, Fitzgerald, Gaskin, Salazar, Nunez, Marietta, O'Donnell, Melendez, Luzadder, Kamradt, Martinez, Weber, Corral (collectively "Unspecified Defendants"), Chicago Police Officers Joseph Pulia, William Orsa, and Margaret Flisk, and the City of Chicago. Defendants have moved to dismiss various counts and defendants for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). First, defendants move to dismiss the complaint against the Unspecified Defendants. Second, defendants move to dismiss Count VIII, a due process claim against all defendants. Third, defendants move to dismiss plaintiff Hamill Liera's malicious prosecution claim (part of Count IX). Lastly, defendants move to dismiss the corresponding claims asserted vicariously against the City of Chicago for indemnification and *respondeat superior* (Counts X and XI). For the reasons discussed below, defendants' motion to dismiss is granted in part and denied in part.

## FACTS[1]

Plaintiffs allege that on December 18, 2011, Jose Liera, Jr. was driving home when his car began to smoke. His sister and her husband, plaintiffs Hamill Liera and Jesus Rodriguez-Ramirez, drove by and stopped to help Jose Jr. Hamill and Jesus had begun to drive away when defendant Officers Orsa and Pulia stopped in front of Jose Jr.'s car, approached him, and pulled him out of his car. Noticing this, Hamill and Jesus turned around. Hamill, who was visibly pregnant at the time, exited the car, approached Officers Orsa and Pulia and attempted to explain to them that she had previously owned Jose Jr.'s car and had the insurance and registration.

---

[1] The following facts are taken from plaintiff's complaint and are assumed to be true for the purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1996).

Defendant Officer Pulia told Hamill to leave the scene. Hamill complied, and began to walk to her car.

Jose Liera, Sr., Jose Jr.'s father, arrived at the scene. He got out of his car and approached Officers Orsa and Pulia, and attempted to explain that he was there to help fix Jose Jr.'s car. Officer Pulia pushed Jose Sr. in the chest and told him to leave. Jose Sr. complied and began to return to his car, but Officer Pulia slammed Jose Sr.'s car door, punched him in the face several times, and elbowed Hamill in the eye. Jose Sr. wrapped his arms around Officer Pulia in order to defend himself, and Hamill tried to pull Officer Pulia and Jose Sr. apart. Jesus got out of the car to help Hamill get back into their car. Then Officer Pulia took Jose Sr. to the ground, and Unspecified Defendants who had arrived on the scene kneed Jose Sr. in his back and neck, slammed his head on the sidewalk, and used pepper spray on him. Unspecified Defendants also pushed Jesus and Jose Jr. against a nearby fence. Defendant officers then placed Jose Jr., Jose Sr., and Jesus under arrest. Several officers told Hamill to leave the scene; she complied and drove to the Lieras' home, where she called 911. At the scene, Unspecified Defendants searched Jose Jr.'s and Jose Sr.'s cars and damaged them.

Defendant Officer Flisk and six Unspecified Defendants arrived at the Lieras' home, where Hamill and her mother, plaintiff Carmen Liera, were. Shortly thereafter, plaintiff Carmen Liera-Chavez, Hamill's sister, arrived. While the defendant officers were inside the Lieras' home, Officer Flisk pushed Hamill with Flisk's chest and pulled Hamill out of the house, causing Hamill to hit her stomach on a window. An Unspecified Defendant struck Carmen Liera in the chest and grabbed Carmen Liera and Carmen Liera-Chavez by their necks, threw them on the

3

couch, and choked Carmen Liera-Chavez for several seconds. Other Unspecified Defendants conducted a warrantless search of the Lieras' home.

Carmen Liera and Carmen Liera-Chavez were not arrested. Hamill was arrested and charged with failure to produce a driver's license, attempting to elude police, and failure to obey a lawful order of dispersal. Jose Sr. was charged with battery, resisting a peace officer, and failure to obey a police officer. Following a trial, Hamill was found guilty of reckless conduct; Jose Sr. was found not guilty on all charges. Jesus was charged with failure to obey a police officer, and the charge was dismissed. In response to this incident, on December 18, 2013, plaintiffs filed this complaint.

## **LEGAL STANDARD**

Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The purpose of such a motion is to test the sufficiency of the complaint, not rule on its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the court accepts as true all well-pleaded factual allegations and draws all reasonable inference in plaintiff's favor. McMillan v. Collection Professionals, Inc., 455 F.3d 754, 758 (7th Cir. 2006). The complaint must plead sufficient facts to plausibly suggest that plaintiff has a right to relief and raise that possibility above the speculative level. Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**DISCUSSION**

A.   **Unspecified Defendants**

Plaintiffs allege that all defendant officers committed acts that violated plaintiffs' rights, but only match specific conduct to defendant Officers Orsa, Pulia, and Flisk. Plaintiffs allege that Unspecified Defendants committed various acts of violence and conducted an unlawful search, but do not know which actions the individual Unspecified Defendants committed. Plaintiffs argue that they are not required to know all the facts before filing the complaint. Further, plaintiffs assert that each Unspecified Defendant is responsible for the alleged misconduct, thereby sufficiently pleading their § 1983 claim, which requires plaintiffs to establish personal responsibility of each defendant. To support their position, plaintiffs rely on Gonzalez v. Babasa, 2003 WL 21196245 (N.D. Ill. May 19, 2003), in which the court allowed the plaintiff's complaint to go forward although the plaintiff could not match conduct to individual defendant Drug Enforcement Administration agents.

In response, defendants argue that the complaint fails to include facts that establish personal responsibility of the individual Unspecified Defendants, thereby failing under § 1983. Defendants further argue that the state law claims against the Unspecified Defendants fail because there is insufficient factual detail to support the allegations against them. In their response, defendants argue that the case plaintiffs rely on, Gonzalez, is not applicable because it was decided before Twombly and Iqbal, which created a higher pleading standard. Defendants support their argument with multiple recent motions to dismiss that have been granted in this district based on similar facts.

Although Gonzalez does support plaintiffs' argument, more recent decisions from this district have addressed whether a plaintiff must allege specific conduct against each defendant, and have determined that allegations against collective groups do not survive motions to dismiss because defendants are not put on notice of the claims against them. In this case, plaintiffs are able to match specific conduct only to three defendant officers, but bring the complaint against an additional thirty-five police officers without alleging which officers were at which location or which officers participated in the alleged wrongful conduct. Thus, the Unspecified Defendants are not on notice of which actions they are alleged to have committed. See Martinez v. City of Chicago, No. 09 C 5938 (N.D. Ill. Sept. 8, 2010) (dismissing plaintiffs' claims against twenty-four defendant police officers because the complaint failed to provide notice to the defendants of the claims against them, and instead only alleged "conclusory legal statements and/or abstract recitations of the elements of given claims"); Carter v. Dolan, 2009 WL 1809917 at *3 (N.D. Ill. June 25, 2009) ("A complaint that refers to multiple police officer defendants collectively as "defendant officers" in each of the factual allegations does not provide each defendant officer with sufficient notice of the wrongdoings alleged."); Johnson v. City of Chicago, No. 08 C 2629, Slip. Op. at 2 (N.D. Ill. Feb. 2, 2009) (plaintiff 's allegations of "some or all" defendant officers arresting him and "physical contact" with named officers were too vague to survive the motion to dismiss).

Accordingly, defendants' motion to dismiss the complaint against the Unspecified Defendants is granted, and plaintiffs will be granted leave to replead after conducting preliminary discovery.

**B.     Count VIII: § 1983 Due Process Claim**

Plaintiffs allege a due process claim against defendants under Newsome v. McCabe, 256 F.3d 747 (7th Cir. 2001). They claim that defendant officers formed a conspiracy to deprive plaintiffs of their constitutional rights by: (1) fabricating false police reports; (2) intentionally failing to investigate potentially exculpatory evidence; and (3) failing to disclose exculpatory evidence.

**(1)     Fabricating false police reports**

Defendants respond to the allegation that they fabricated false police reports by arguing that allegations of fabricated police reports support a state law claim for malicious prosecution, not a constitutional due process claim. In their response, plaintiffs contend that the existence of a state law malicious prosecution claim is irrelevant to their due process claim.

The Seventh Circuit has previously stated that where a state law tort claim for malicious prosecution exists, it "knocks out any constitutional theory of malicious prosecution," such that allegations of fabricated police reports create state law malicious prosecution claims, not due process claims. McCann v. Mangialardi, 337 F.3d 782, 786 (7th Cir. 2003) ("To the extent McCann maintains that Mangialardi denied him due process by causing him to suffer a deprivation of liberty from a prosecution and a contrived conviction deliberately obtained from the use of false evidence, his claim is, in essence, one for malicious prosecution, rather than a due process violation."); accord Brooks v. City of Chicago, 564 F.3d 830, 833 (7th Cir. 2009). However, the Seventh Circuit has recently acknowledged that a due process claim may exist when the plaintiff was wrongly convicted as a result of fabricated evidence. See Fields v. Wharrie, 740 F.3d 1107, 1114 (7th Cir. 2014) (concluding that a prosecutor who fabricates

7

evidence that results in injury has violated a plaintiff's due process rights); Alexander v. McKinney, 692 F.3d 553 (7th Cir. 2012); Whitlock v. Brueggemann, 682 F.3d 567, 580 (7th Cir. 2012) (concluding that a prosecutor who allegedly fabricated evidence was not entitled to immunity because he had violated the plaintiff's due process rights by depriving the plaintiff of his liberty).

In both Whitlock and Alexander, the Seventh Circuit recognized that while fabricated evidence could create a due process claim, the plaintiff must have suffered a deprivation of liberty by being confined after the conviction. Alexander, 692 F.3d at 558 ("Whitlock [is] inapposite because the only liberty deprivation Alexander alleges stems from his initial arrest—he was released on bond that same day," while the two plaintiffs in Whitlock spent seventeen and twenty one years in prison). In the instant case, because plaintiffs do not allege that they spent time in jail after their initial arrests, they were not deprived of their liberty as required. Thus, plaintiffs cannot establish a due process claim for fabrication of evidence.

**(2)    Intentionally failing to investigate potentially exculpatory evidence**

Plaintiffs allege that defendant officers intentionally failed to investigate potentially exculpatory evidence. Defendants argue that this allegation fails for two reasons: (1) the claim fails under Iqbal because the complaint contains no requisite factual detail; and (2) the claim fails because plaintiffs do not have a constitutional right to an adequate police investigation. McBride v. Grice, 576 F.3d 703, 707-08 (7th Cir. 2009). In their response, plaintiffs do not develop their argument in support of this claim.

Defendants are correct that plaintiffs have not pled facts sufficient to support their claim that defendants intentionally failed to investigate. A complaint is not sufficient if it "tenders

'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). In both their complaint and response, plaintiffs assert no facts to support this allegation. Consequently, the court grants defendants' motion to dismiss the failure to investigate claim.

### (3) Failing to disclose exculpatory evidence

Finally, plaintiffs allege that defendant officers suppressed exculpatory evidence, which would have affected the prosecution's decision to go to trial, a claim under Brady v. Maryland, 373 U.S. 83 (1963). To assert a Brady claim, plaintiffs must allege: (1) the prosecution suppressed evidence, (2) the evidence was favorable to plaintiffs, and (3) the suppressed evidence resulted in prejudice and was material. Id. at 87. Plaintiffs argue that they have satisfied these elements. First, they specify the alleged suppressed exculpatory evidence: that Jose Sr. was not resisting arrest or disobeying orders, although he was charged with doing so, and that Hamill was told to leave the scene, although she was charged with attempting to elude police. Second, plaintiffs assert that this evidence was favorable to the accused because the prosecution would not have pursued charges against Hamill or Jose Sr. if this evidence had been disclosed. Lastly, plaintiffs argue that a conviction is not required to satisfy the prejudice/materiality element of Brady, and that it is sufficient that the evidence would have influenced the prosecutor's decision to go to trial.

Defendants argue that plaintiffs have not satisfied the first and third elements of Brady. First, they contend that plaintiffs' Brady claim fails because the exculpatory evidence plaintiffs identify in their response was not withheld from plaintiffs. For evidence to be suppressed under Brady, there are two requirements: "(1) the prosecution failed to disclose evidence in time for the

9

defendant to make use of it, and (2) the evidence was not otherwise available to the defendant through the exercise of reasonable diligence." Carvajal v. Dominquez, 542 F.3d 561, 567 (7th Cir. 2008). Additionally, they argue that acquitted defendants cannot establish Brady prejudice.

The court agrees that plaintiffs have not established the first element of Brady. When a criminal defendant has access to the information that is allegedly suppressed, his Brady claim fails because the defendant was able to use the information as part of his defense. Harris v. Kuba, 486 F.3d 1010, 1015 (7th Cir. 2007) (concluding that plaintiff failed to establish suppression when the evidence at issue was plaintiff's alibi, which was not concealed from him); U.S. v. Earnest, 129 F.3d 906, 910 (7th Cir. 1997) ("Evidence is not regarded as suppressed by the government when the defendant has access to the evidence before trial by the exercise of reasonable diligence"). In the instant case, Hamill and Jose Sr. both had access to the information that they allege was suppressed by defendant officers (that Hamill was told to leave the scene and that Jose Sr. was not resisting arrest) because it was information they already knew and were able to use in their defense. See U.S. v. Lee, 399 F.3d 864, 865 (7th Cir. 2005) (concluding that plaintiff could not establish a Brady claim because Brady "deals with the concealment of exculpatory evidence unknown to the defendant. Lee was aware of his own pants.").

Therefore, plaintiffs' due process claims based on allegations of fabricated evidence and a Brady violation fail as a matter of law. Plaintiffs' claim based on defendants' intentional failure to investigate potentially exculpatory evidence is insufficiently pled. Accordingly, defendants' motion to dismiss Count VIII is granted.

**C.      Hamill's Malicious Prosecution Claim**

Defendants argue that Hamill's malicious prosecution claim in Count IX should be dismissed because the matter was not terminated in a manner indicative of her innocence because she was found guilty of reckless conduct. See Swick v. Liautaud, 662 N.E.2d 1238, 1242 (Ill. 1996). Plaintiffs respond that Hamill's conviction for reckless conduct has no bearing on her malicious prosecution claim, which is based on a separate charge of attempting to elude police. Plaintiffs further comment that Hamill's charge for attempting to elude the police was dismissed in a manner indicative of her innocence, as is required for a malicious prosecution claim. In their reply, defendants concede that a malicious prosecution claim based on this charge is sufficiently pled according to Holmes v. Vill. of Hoffman Estate, 511 F.3d 673, 683 (7th Cir. 2007).

Accordingly, defendants' motion to dismiss Hamill's malicious prosecution claim is denied.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is granted in part and denied in part. The court dismisses the complaint against the Unspecified Defendants and will grant plaintiffs leave to replead after conducting preliminary discovery.[2] The court dismisses Count VIII. The corresponding claims asserted vicariously against the City of Chicago are dismissed as well. The court denies the motion to dismiss Hamill's malicious prosecution claim in Count IX. This matter remains set for status on August 20, 2014, at 9:00 a.m.

**ENTER:** **August 5, 2014**

_____

---

[2] Should plaintiffs wish to replead against specified defendants, they must do so by appropriate motion for leave to file an amended complaint.

**Robert W. Gettleman**
**United States District Judge**